**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2012

Lyle W. Cayce
Clerk

No. 12-40070
Summary Calendar

In the Matter of:  DONALD LEE CARDWELL,

Debtor

-------------------------------------------------------------------------

DONALD LEE CARDWELL,

Appellant

v.

BILL GURLEY,

Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-706

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Donald Lee Cardwell challenges the district court's summary judgment affirming the bankruptcy court's determination that his debt to Bill Gurley–arising out of a state-court judgment–was non-dischargeable under 11

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. §§ 523(a)(2)(A) and 523(a)(4).  Cardwell contends the district court erred because:  he did not waive his arguments regarding collateral estoppel; and, the state court's findings of fact and conclusions of law (FOFCOL) did not support the non-dischargeability of the debt.

Cardwell and Gurley were business partners and co-owners of 121 Ventures, LLC, which was involved in, *inter alia*, real-estate development. Cardwell was the managing member and was trusted by Gurley to handle all of the LLC's day-to-day business.  Cardwell made misrepresentations to Gurley in order to induce him to consent to various transactions that ultimately injured Gurley to the benefit of Cardwell.  Gurley filed an action in state court and received a judgment for approximately $370,830.  Cardwell subsequently filed for bankruptcy and Gurley filed this action seeking to exempt the judgment debt from discharge.  Giving preclusive effect to the FOFCOL of the state court, the bankruptcy court concluded the debt was non-dischargeable.  The district court affirmed the bankruptcy court and this appeal followed.

Gurley contends Cardwell waived his arguments, in part, because he failed to submit the pleadings in the bankruptcy court as part of the appellate record. Cardwell maintains that this was due to a mistake in the clerk's office.  But, our court need not resolve the waiver issue because the bankruptcy court correctly concluded the state-court FOFCOL establish the debt is non-dischargeable.

The parties concede that collateral estoppel should apply to prevent the re-litigation of the FOFCOL of the state court; they only disagree as to whether those findings support the discharge or the non-dischargeability of the debt. Our court reviews a grant of summary judgment *de novo*.  *In re National Gypsum*, 208 F.3d 498, 504 (5th Cir. 2000).

Under § 523(a)(2)(A), a debtor is not discharged from "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false-pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial

2

condition." Though our court's precedent has previously distinguished between "false pretenses," "false representations," and "actual fraud," Cardwell contends our court in *In re Acosta*, 406 F.3d 367 (5th Cir. 2005), set out a five-element "actual fraud" test applicable to any claims under § 523(a)(2)(A). *Id.* at 372. Our court has not determined whether the five-element test applies to all actions under § 523(a)(2)(A), and it need not do so here because the debt at issue is not dischargeable even under the more stringent *Acosta* test.

For a debt to be non-dischargeable under this standard, a creditor must show: "(1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance." *Id.* Cardwell contends the FOFCOL lack specific language stating the court found "fraud" and an "intent to deceive," but these contentions are unavailing.

The state court found, *inter alia*, the following: Cardwell persuaded Gurley to consent to the transaction by stating he would "manage [a new] development to fruition" using the land acquired in the transaction; Cardwell "had *no intention*" (emphasis added) of developing this new property; but, Gurley believed him and agreed to the proposal; Gurley had been doing business with Cardwell over ten years and had developed "the utmost trust and confidence" in him; Gurley would not have agreed to the transaction had Cardwell not made "materially false and misleading" statements and promises; Cardwell subsequently sold the new property far below market value without informing or receiving consent from Gurley; and, Cardwell's behavior caused damage to Gurley in excess of $300,000.

Even ignoring the myriad of other misrepresentations and breaches by Cardwell, these findings are sufficient to meet the elements of the *Acosta* test for non-dischargeability. Specifically, the finding that Cardwell made a

No. 12-40070

promise–with *no intention* of following through on that promise–in order to persuade Gurley to consent to the transaction satisfies elements two and three of the *Acosta* test, which are the primary elements in contention.  As a result, the debt is not dischargeable under § 523(a)(2)(A).

Because we affirm under § 523(a)(2)(A), it is unnecessary to reach the contentions pertaining to other provisions of §523 relied upon as separate grounds for non-dischargeability.

AFFIRMED.